MATTER OF BOZDOGAN

In Visa Petition Proceedings

A-14134968

*Decided by Regional Commissioner October 19, 1967*

Since state requirements that a license or permit be obtained in order to practice or work in a given trade or occupation does not affect eligibility for preference classification under section 203(a)(6) of the Immigration and Nationality Act, as amended, a visa petition is granted to accord sixth preference status, as a hair stylist, to beneficiary who, by his skill, training and experience, is otherwise qualified to perform the duties of the position offered and for which a labor certification has been issued.

The District Director denied the petition and certified his decision to the Regional Commissioner pursuant to 8 CFR 103.4. Petitioner has submitted no written material or rebuttal to the District Director's decision.

Petitioner is the owner and operator of beauty salons located in Houston and Nassau Bay, Texas. He has been engaged in this type of business for the past three years and Service investigation reveals that the business establishments are doing well. Petitioner employs four operators in his Houston salon and while the Nassau Bay salon is equipped for eight operators, he has only three working there now. Petitioner seeks beneficiary's service as a ladies' hairdresser at his Nassau Bay salon.

Beneficiary is a 27-year-old single male, native and citizen of Turkey, and presently residing and working in England as a ladies' hair stylist.

Petitioner in his effort to fill his need for hairdressers, made application to the Bureau of Employment Security for alien employment certifications for eight high-fashion stylists. That agency issued a group certification pursuant to section 212(a)(14) of the Immigration and Nationality Act for the requested number and entitled the positions as hair stylist, occupation code 332.271. The individual certification issued under the blanket order in the instant case is currently valid.

In applying for his certifications, petitioner furnished the follow-

ing information relative to the positions to be filled and on the basis of which the Bureau of Employment Security issued the requested certifications: (1) job to be performed—hair coloring, special razor cutting, high-fashion styling, permanent waving; (2) education and training required for proficiency in job—a completed course and training as beauty operator; (3) minimum experience requirements of job—minimum three years experience in exclusive salon; (4) skill, knowledge, and ability required for proficiency in job—special razor cutting, coloring, perming, styling; (5) other special requirements such as languages, licenses, physical requirements—able to get Texas Beauty Operator License, and good health.

In his statement of qualifications and supporting documents, the beneficiary has established that he possesses the specified training, experience, and skill to fill the position offered by the petitioner. It was with the last special requirement specified by the petitioner that the District Director was concerned. As heretofore stated, this requirement is the beneficiary's ability to get a Texas Beauty Operator's License and have good health. Since the beneficiary is and has been employed in beauty salons for some time, it was conceded that for the purpose of this decision that he is in good health.

The laws of the State where petitioner intends to employ the beneficiary require a worker in the position petitioner seeks to fill to have a State permit or license to perform such work. Since the beneficiary had no State required permit or license and it was not satisfactorily established that he was able to obtain the required permit or license, the District Director denied the petition. In discussing the reason for his denial, the District Director pointed out that section 203(a)(6) of the Act provides visas for *qualified* immigrants who are *capable of performing specified* skilled labor and that absent the required permit or license, or evidence that he could obtain such, the beneficiary was neither qualified for nor capable of performing the duties of the position petitioner seeks to fill.

The beneficiary herein is qualified by training, experience and skill to perform the duties of the position offered by the petitioner. The Bureau of Employment Security has issued the required certification.

The petitioner has established that he intends and desires to employ the beneficiary in a position that will utilize his training, experience, and skill and that he, the petitioner, has the facility to provide such employment.

The question to be resolved is the effect, if any, of the requirement of the various states and municipalities that a license or permit be obtained in order for a person to practice or work in a given trade, or occupation.

This matter has received careful consideration and it has been concluded that, both from a practical and legal standpoint, to undertake policing the complex and varied licensing requirements of multiple jurisdictions throughout the United States is generally neither feasible nor necessary in connection with a petition by a prospective employer to accord an alien section 203(a)(6) preference classification. It is reasonable to presume that the petitioning employer will assist the beneficiary to obtain a license if a license is required. In most cases it would place both the petitioner and the beneficiary in a most difficult, if not impossible, position to demand that a license, or advance assurances thereof, be obtained before the petition will be considered.

Under the circumstances existing herein, it is concluded that the beneficiary is prima facie eligible to undertake the employment offered. The petition will be approved.

*It is ordered* that the petition be and the same is herewith approved.